A. E. ROGERS v. STATE.

No. A-926.    Opinion Filed November 23, 1911.

Appeal from Superior Court, Logan County, J. M. Sandlin, Judge.

A. E. Rogers was convicted of violating the prohibitory law, and appeals.    Appeal dismissed.

H. C. Olds, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.    Plaintiff in error was convicted in the superior court of Logan county on a charge of having possession of intoxicating liquor with the unlawful intention of selling the same, and, on the 4th day of June, 1910, was sentenced by the court to pay a fine of fifty dollars and serve thirty days in the county jail.    The appeal was perfected in this court on the 14th day of October, 1910, more than 120 days after the rendition of the judgment.    The Attorney General has filed a motion to dismiss the appeal on the ground that the same was not filed within the time provided by law.    The motion is sustained, and the appeal accordingly dismissed with directions to the trial court to enforce the judgment and sentence.

---

EARNEST RAMSEY and O. WILLIAMS v. STATE.

No. A-957.    Opinion Filed November 21, 1911.

Appeal from Bryan County Court; Chas. A. Phillips, Judge.

Earnest Ramsey and O. Williams were convicted of violating the prohibitory law, and appeal.    Affirmed.

J. Q. A. Harrod, for plaintiffs in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.    Plaintiffs in error, Earnest Ramsey and O. Williams, were convicted of a violation of the prohibitory law, and, on the 4th day of October, 1910, were each sentenced to pay a fine of fifty dollars and serve thirty days in the county jail.    The petition in error and case-made were filed in this court on the 24th day of November, 1910, but were never filed in the office of the clerk of the county court of Bryan county, as required by sec. 6951, Snyder's Stat.    For this reason the Attorney General has filed a motion to strike the case-made from the record.    The motion is sustained, and the case-made is accordingly stricken.    No error prejudicial to the substantial rights of the plaintiffs in error appears in the transcript.    The judgment of the trial court is therefore affirmed.